EMPLOYERS' FIRE INS. CO. v. UNITED PARCEL SERVICE OF CINCINNATI.

Common Pleas Court, Hamilton County.

No. A-106924.   Decided June 18, 1951.

Elmer E. Strasser, Cincinnati, for plaintiff.
Leo J. Brumleve, Jr., Cincinnati, for defendant.

## OPINION

By BADER, J.

The case came before the Court on the motion filed by the plaintiff for judgment notwithstanding the verdict.

The plaintiff is a corporation engaged in the insurance business and is subrogated to the rights of one of its insureds, Arthur J. Oberhelman, for the damages sustained by the latter for the injury done to a ranch mink coat while being transported by the defendant corporation to the Jenny Inc. for storage in pursuance to an arrangement made by the Jenny Inc. and the wife of Arthur J. Oberhelman. At the trial the case was submitted to the jury and a verdict for the defendant was returned.

The following special interrogatories were presented to the Court by the defendant and the jury gave the answers set forth after the questions:

"1. Was there a limitation of value placed upon the ranch mink coat for storage purposes when the owner of the coat directed Jenny, Inc. to call for the coat for storage purposes on or before April 9, 1946?

"Answer. Yes.

"2. If your answer to Interrogatory No 1 is in the affirmative, what was such limitation of value?

"Answer: $100.00."

The defendant in its amended answer admits that on or about April 9, 1946 it received from Arthur J. Oberhelman and wife a certain mink coat as agent of the Jenny Company, Inc. of Cincinnati, Ohio, for storage purposes; and that said coat received some damage while it was in the delivery truck of the defendant.

In its second defense defendant says that the Jenny Company, Inc. entered into a contract with Mrs. Arthur J. Oberhelman whereby any damage sustained was limited to the amount of $100 and that if there was any damage done to the coat while in the possession of the defendant, the limitation of damages inured to it as agent of the Jenny Company, Inc. and that "defendant was not liable to the plaintiff for a greater sum than $100.00."

Plaintiff in its reply admits that defendant offered $100 in full satisfaction of its claim and also admits "that Arthur J. Oberhelman and his wife did arrange for the storage of said mink coat to be at the store of the Jenny Company" and denies a contract of limitation of the amount of damages.

Under the same set of facts the Court of Common Pleas of Hamilton County directed a verdict for the defendant at a previous trial.

The Court of Appeals of the First Appellate District reversed the judgment and remanded the case for further proceedings according to law. Ohio App., 99 N. E. 2d 794, 59 **Abs 561.**

The Court of Appeals in its opinion held in part:

"(4) An agent who undertakes to act for his principal under such circumstances that some action is necessary for the protection of the persons of others or of their tangible things is personally liable to such persons for physical harm to them or to their things caused by his undertaking and subsequent negligence in performing the undertaking.

"(5) A person to whom the custody of personal property is entrusted who returns it in a damaged condition owes a duty of explanation, and in the absence of such explanation an inference arises that an explanation would be detrimental to him.

"(6) A prima facie case of negligence arises when a bailee returns the bailed goods in a damaged condition.

"(7) An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal, and, therefore, when the principal's liability was limited in amount, the agent's liability is similarly limited."

Counsel for plaintiff relies very strongly on the case of Lumbermen's Mutual Insurance Co. v. F. Z. Cikra, Inc., 155 Oh St 421, 99 N. E. 2d 81, and claims that the fur coat was not insured until it was placed in storage room. Counsel for plaintiff in his argument read from certain photostatic copies which were represented to be copies of the storage contract. Apparently there appeared on the copy read the words "Storage—Ranch Mink Coat" and "Cleaning No Charge."

The Court has searched the record of testimony and carefully perused the documentary evidence but nowhere can be found any testimony concerning an order to clean the coat but to the contrary it appears very clearly that the coat was sent for storage only. If the coat was to be cleaned in addition to being stored there is nothing in the record to go so far as to suggest it.

It is the opinion of the Court that when Mrs. Oberhelman made arrangement with the Jenny Company, Inc. for the storage of the fur coat and it sent its agent, the United Parcel Service of Cincinnati, Inc., to pick up the fur coat for storage, the insurance and any limitation of damages became effective immediately when the fur coat was delivered to the defendant, the United Parcel Service of Cincinnati, Inc., in the same manner as if Mrs. Oberhelman had delivered the fur coat to the place of business of the Jenny Company, Inc. or if the Jenny Company, Inc. had called for the coat with its own conveyance under its direct control.

From the evidence it is very clear that the only service that was to be rendered by the Jenny Company, Inc. was to

store the fur coat as it had been stored in previous years. For that reason the Court is of the opinion that the facts in the case of Lumbermen's Mutual Insurance Co. v. F. Z. Cikra, Inc., are different from the facts in the case at bar in that in the Cikra case there were two contracts, one for repairing and the other for storage. In the case at bar there is but one contract, the contract to store the fur coat.

In view of the pleadings and evidence and the admission of the defendant, the United Parcel Service of Cincinnati, Inc., that the coat "received some damage while it was in the delivery truck of defendant" and no explanation was offered by the defendant, the Court is of the opinion that the plaintiff is entitled to a judgment against the defendant and inasmuch as "the principal's liability was limited in amount the agent's liability is similarly limited." **Employers' Fire Insurance Co. v. United Parcel Service of Cincinnati, Inc., Oh Ap,** 99 N. E. 2d 794 (59 Abs 561). Accordingly the motion for judgment notwithstanding the verdict is well taken and judgment should be rendered for the plaintiff against the defendant for the sum of $100 and costs, and the verdict of the jury heretofore rendered herein should be set aside.